UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SPENCER L. BRIGGS,

      Plaintiff,

v.                              Case No. 3:23-cv-1089-MMH-LLL

COLUMBIA COUNTY SHERIFF'S
OFFICE/JAIL, et al.,

      Defendants.

_____

## <u>ORDER</u>

Plaintiff Spencer L. Briggs, a pretrial detainee at the Columbia County Jail, initiated this action on September 11, 2023, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1) under 42 U.S.C. § 1983 with exhibits (Doc. 1-1). Briggs names as Defendants: (1) the Columbia County Sheriff's Office/Jail; (2) Sheriff Mark Hunter; (3) Lieutenant Cedric May; and (4) County Commissioner Ron Williams. Complaint at 1-3. In the Complaint, he alleges staff at Columbia County Jail only allow recreation once a week, during which inmates "are handcuffed[,] shackled and blackboxed. . . ." <u>Id.</u> at 4. Briggs further asserts that inmates are charged for medical treatment. <u>Id.</u> at 5. He alleges that he has complained "about medical and mental health problems," but Lieutenant May denied his grievances. <u>Id.</u> Briggs asks for "the

jail to be fixed . . . and for us to be able to have real recreation not cuffed[,] to fix the grievance procedure here [and] for the guards to stop putting thier [sic] hands on us. . . ." <u>Id.</u> He also requests monetary relief. <u>Id.</u>

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing <u>Battle v. Cent. State Hosp.</u>, 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed <u>in</u> <u>forma</u> <u>pauperis</u> which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," <u>id.</u> at 327, or when the claims rely on factual allegations which are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" <u>Bilal</u>, 251 F.3d at 1349 (quoting <u>Neitzke</u>, 490 U.S.

---

[1] Briggs requests to proceed as a pauper. <u>See</u> Motion (Doc. 2).

at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397,

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Briggs's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air

5

Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc.

v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted),

overruled in part on other grounds as recognized in Randall, 610 F.3d at 709)).

Liberally read, Briggs's Complaint fails to state a plausible § 1983 claim

against Defendants. First, the Columbia County Sheriff's Office/Jail is not an

entity subject to suit. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F.

App'x 696, 701 (11th Cir. 2013) ("Florida law has not established Sheriff's

offices as separate legal entities with the capacity to be sued.");[3] Monroe v.

Charlotte Cnty. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2

(M.D. Fla. Dec. 3, 2015) ("The jail is not an actionable legal entity because it

does not enjoy a separate legal existence independent of the County or the

Sheriff's Office.").[4] In addition, as to Commissioner Williams and Lieutenant

May, Briggs has not alleged sufficient facts to establish his entitlement to

relief. His claims are conclusory in nature and devoid of facts that would allow

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[4] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

the Court to draw a reasonable inference that Commissioner Williams and Lieutenant May violated Briggs's constitutional rights. Indeed, Briggs pleads no facts connecting Commissioner Williams to the alleged constitutional violations. And Briggs's allegations against Lieutenant May are largely conclusory. See Complaint at 5 ("I asked for a formal grievance and was imediatly [sic] place in suicide watch for a week cuz [sic] of Nurse Erin Alfred and LT May. . . ."). To the extent Briggs complains about Lieutenant May's response to his grievances, not addressing a grievance in the manner a prisoner would like, without more, does not render an individual liable for the underlying constitutional violation. See Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (finding the plaintiff failed to state a claim because he merely "alleged that his prison grievances were either ignored or wrongly decided or that prison officials did not properly follow the prison's own grievance procedures"); Jones v. Eckloff, No. 2:12-cv-375-FtM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (unpublished) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." (collecting cases)).

Moreover, it appears Briggs sues Sheriff Hunter based on his supervisory position. The Eleventh Circuit has held that "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). To establish individual liability for supervisory conduct, a plaintiff must show "that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." Keith v. DeKalb Cnty., 749 F.3d 1034, 1047-48 (11th Cir. 2014).

> Causation "may be established and supervisory liability imposed where the supervisor's improper custom or policy results in deliberate indifference to constitutional rights." Id.[5] (alterations adopted) (internal quotation marks omitted). "A plaintiff can also show that the absence of a policy led to a violation of constitutional rights." Piazza,[6] 923 F.3d at 957. "Either way, though, to prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee." Id. (citation omitted). And allegations of a single incident of unconstitutional conduct cannot state a claim for

---

[5] Hartley v. Parnell, 193 F.3d 1263 (11th Cir. 1999).
[6] Piazza v. Jefferson Cnty., 923 F.3d 947 (11th Cir. 2019).

supervisory liability, even when the conduct involves
several subordinates. Id. at 957-58.

Ingram v. Kubik, 30 F.4th 1241, 1254 (11th Cir. 2022). Briggs has not alleged

that Sheriff Hunter was personally involved in or causally connected to the

alleged violations of his rights. As such, he fails to state a claim for relief

against Sheriff Hunter.

Therefore, it is now

**ORDERED:**

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk of Court** shall enter judgment dismissing this case

without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of

October, 2023.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 10/30
c:     Spencer L. Briggs, #22004606

9